UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ELOUISE BRADLEY,<br><br>                     Plaintiff,<br>v.<br><br>JENNIFER SABREE, LISA HASSENSTAB,<br>GINGER KING, REBECCA MCFADDEN,<br>JANE ABSHIRE, and ROBIN RABER,<br><br>                     Defendants. | Case No. 14-CV-429-JPS<br><br><br><br>ORDER |

In April of this year, plaintiff Elouise Bradley ("Bradley") filed a complaint and then an amended complaint against defendants Jennifer Sabree ("Sabree"), Lisa Hassenstab ("Hassenstab"), Ginger King ("King"), Rebecca McFadden ("McFadden"), Jane Abshire ("Abshire"), and Robin Raber ("Raber"). (Dockets #1, #4). Presently before the court are two motions to dismiss. The first was filed by defendants Sabree, Abshire, and McFadden (collectively, "the DCF Defendants"). (Docket #14). The second was filed by defendants Hassenstab, King, and Raber (collectively, "the non-DCF Defendants"). (Docket #15). The motions are fully briefed and ready for adjudication.

1.      Facts as Asserted in the Amended Complaint

Bradley's amended complaint suffers from a disjointed presentation, but the court endeavors to glean all it can from the complaint. The court is obliged to give a plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*quoting Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). In the amended complaint, Bradley asserts that she was the owner of Bradley Family Day Care from 2003 to 2012,

that she provided care for eight children, and that she was never cited for a serious violation. Bradley adopted several children, and was re-licensed as a foster parent. Bradley writes that an unknown caller was calling "the department" to report that Bradley was running an illegal day care. On July 24, 2012, defendant Sabree revoked Bradley's day care license and took pictures of the day care without Bradley's permission. Bradley also mentions defendant Abshire in conjunction with Sabree. On July 25, 2012, two letters came to Bradley's home: an invoice for $30.00 for a background check, and a letter notifying Bradley that her day care center was closed down.

Bradley asserts that defendants violated her constitutional rights to "the opportunity to be heard" and alleges that the department did not comply with Wisconsin Statute Section 227.51(3). Bradley further states, "Due Process of the Law, Equal Protection of the Law, Emotional Distress, Double Jeopardy, Defamation, Unfair Treatment Law [sic], and Discriminated [sic] of age and color in closing of business without a fairing [sic] warning for life."

2. Legal Standards

The motions to dismiss are filed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). In assessing a motion to dismiss, the court construes the complaint in the light most favorable to the plaintiff, accepts as true all well-pleaded facts alleged, and draws all possible inferences in the plaintiff's favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

A motion to dismiss under Rule 12(b)(1) challenges the court's subject-matter jurisdiction to adjudicate the plaintiff's claim. *See* Fed. R. Civ. P. 12(b)(1). A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the plaintiff's complaint by asserting that the plaintiff failed to state a claim

upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), Bradley's complaint must allege facts sufficient to "state a claim for relief that is plausible on its face." *Justice v. Town of Cicero*, 577 F.3d 768, 771 (7th Cir. 2009) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

3. Analysis

    3.1    The DCF Defendants' Motion

The DCF defendants are all former or current employees of the Wisconsin Department of Children and Families ("DCF"). The DCF defendants seek dismissal of Bradley's claims regarding DCF's administrative actions under Rule 12(b)(1) of the Federal Rules of Civil Procedure, on the basis that Chapter 227 of the Wisconsin statutes provides "the exclusive method for judicial review of agency determinations." DCF Motion (Docket #14) at 2. The DCF defendants argue that a civil action challenging an administrative agency decision must be dismissed when the plaintiff has not complied with Chapter 227. DCF Motion at 3 (*citing Turkow v. Dept. of Natural Resources*, 216 Wis. 2d 281, 283 (Ct. App. 1998)). Regarding Bradley's list of other claims, the DCF defendants argue that Bradley's amended complaint fails to provide any "specificity or substantiation" to support her claims. DCF Motion at 4. Finally, the DCF defendants argue that they are entitled to qualified immunity. DCF Motion at 4-5.

In response, Bradley filed a brief in opposition. (Docket #17). Regarding the DCF defendants' argument that Wisconsin Chapter 227 provides the exclusive remedy for her claims, Bradley responds with a quotation of the Wisconsin Statute. Opposition to DCF (Docket #17) at 2. Regarding the DCF defendants' argument that the complaint fails to state a

claim, Bradley replies that the information supporting her claim is in the defendants' control. Opposition to DCF at 3. Finally, regarding the DCF defendants' assertion of qualified immunity, Bradley replies that defendants acted "outside their normal scope." Opposition to DCF at 3.

The court can only conclude that the DCF defendants are entitled to dismissal. First, as the DCF defendants argue, any challenge to the agency's administrative action must be brought in accordance with Chapter 227's provisions. *See Turkow v. Dept. of Natural Resources*, 216 Wis. 2d 281, 283 (Ct. App. 1998). Bradley's opposition provides no cogent response either that she complied with Chapter 227's procedural requirements, or stating that Chapter 227 does not apply.

Furthermore, the court agrees that the other "claims" contained in Bradley's amended complaint are entirely unsubstantiated. To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [she] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly,* 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (*quoting Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id.* (*citing Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). In this case, Bradley offers a list of legal terms, some implying constitutional claims, but Bradley offers nothing to show that she has a plausible claim for relief. While the court construes Bradley's amended complaint liberally, the court will not speculate as to what claims may exist. Bradley's amended complaint, along with her materials submitted in opposition to the motions to dismiss, do not substantiate or specifically articulate any grounds upon which this court may grant any relief. Accordingly, the DCF defendants' motion to dismiss will be granted.

### 3.2 The Non-DCF Defendants' Motion

The non-DCF defendants argue entitlement to dismissal first under Federal Rule of Civil Procedure 12(b)(6) on the ground that Bradley's complaint does not state a single allegation against them. Brief in Support (Docket #16) at 2. The non-DCF defendants argue that they should be dismissed from the case because their names only appear in the caption of the case and on two attachments to the amended complaint, both documents involving Bradley's foster home licencing decisions from 2004. Brief in Support at 2. Thus, they argue, they have no notice of any claims brought against them. The non-DCF defendants further assert that the court lacks subject-matter jurisdiction because the amended complaint does not allege either federal question or diversity jurisdiction. Brief in Support at 3.

In response to the non-DCF defendants' arguments, Bradley asserts that Raber and King retaliated against Bradley, and that Bradley cannot pass a background check. Opposition to non-DCF (Docket #18) at 1-2. With regard

to jurisdiction, Bradley asserts federal question jurisdiction. Opposition to non-DCF at 2.

The court will grant the non-DCF defendants' motion. First, it is entirely accurate that the complaint does not assert a single claim against the non-DCF defendants. Any asserted constitutional claim must, therefore, fail because 42 U.S.C. § 1983 "creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Furthermore, Bradley's response regarding any retaliation does not survive the non-DCF defendants' motion because Bradley specifically asserts federal subject-matter jurisdiction but she has not articulated any claim of retaliation that is cognizable in federal court. Accordingly, the court will grant the non-DCF defendants' motion to dismiss.

Finally, the court notes that Bradley has filed two motions asking the court to "appoint" her counsel for this case. (Dockets #2, #12). Because the court will dismiss the case, the court will also deny Bradley's motions as moot.

Accordingly,

IT IS ORDERED that the DCF defendants' motion to dismiss (Docket #14) be and the same is hereby GRANTED;

IT IS FURTHER ORDERED that the non-DCF defendants' motion to dismiss (Docket #15) be and the same is hereby GRANTED;

IT IS FURTHER ORDERED that plaintiff's motions for appointment of counsel (Dockets #2, #12)be and the same are hereby DENIED as moot; and

IT IS FURTHER ORDERED that plaintiff's amended complaint (Docket #4) be and the same is hereby DISMISSED.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 12th day of August, 2014.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge